

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2002

# Jame Fine Chem Inc v. Hi Tech Pharmacal Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2041

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Jame Fine Chem Inc v. Hi Tech Pharmacal Co" (2002). *2002 Decisions.* Paper 507.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/507

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2041



JAME FINE CHEMICALS CO., INC.
d/b/a JFC TECHNOLOGIES

v.

HI-TECH PHARMACAL CO., INC.

v.

CARTER WALLACE, INC.

Hi-Tech Pharmacal Co., Inc.,

Appellant.



Appeal from the United States District Court
for the Eastern District of New Jersey
(D.C. Civil No. 00-cv-03545)
District Judge:  Honorable Anne E. Thompson


Argued on February 28, 2002


Before:  ROTH and FUENTES,  Circuit Judges
KATZ*, District Judge

(Opinion filed: August 15, 2002)

Paul H. Saint-Antoine, Esquire (Argued)
Drinker, Biddle & Reath
18th & Cherry Streets
One Logan Square
Philadelphia, PA  19103

Susan Schleck Kleiner, Esquire
Drinker Biddle & Shanley LLP
Suite 300
105 College Road East
Post Office Box 627
Princeton, NJ    08542-0626

        Attorneys for Appellee
        Jame Fine Chemicals

Suzanne C. Midlige, Esquire (Argued)

Lisbeth W. Cload, Esquire
McElroy, Deutsch & Mulvaney, LLP
1300 Mount Kemble Avenue
P. O. Box 2075
Morristown, NJ    07962-2075

        Attorneys for Appellant
        Hi-Tech Pharmacal Co., Inc.

Brian L. Sullivan, Esquire (Argued)
Brian J. McCarthy, Esquire
Winston & Strawn
200 Park Avenue
New York, NY    10166

        Attorneys for Appellee
        Carter-Wallace, Inc.
_____

     *Honorable Marvin Katz, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.


                    O P I N I O N


ROTH, Circuit Judge:


     On this appeal, we are asked to decide whether the Answer and Counter-Claim of
Plaintiff-Appellant Hi-Tech, Inc. stated a claim for either breach of contract, tortious
interference with contract, or violation of section one of the Sherman Act.  We hold that
Hi-Tech did state a claim for breach of contract and tortious interference with contract,
and will reverse the District Court on that ground.  We will also reverse the District Court
because it should have allowed Hi-Tech the opportunity to amend its antitrust claims.
     The facts of this case are familiar to the parties, so we will only briefly summarize
them here.  Jame Fine Chemicals, Inc., is the sole United States manufacturer of tannates,
an essential ingredient in a certain type of cough syrup.  Before September 17, 1999,
Jame Fine provided tannates to both Carter-Wallace, Inc., the sole manufacturer of
branded cough syrup containing tannates, and Hi-Tech, the manufacturer of a generic
equivalent cough syrup.  On September 17, 1999, Hurricane Floyd severely damaged
Jame Fine's factory, stopping the production and sale of tannates for some time.
     Hi-Tech alleged that in the weeks following Hurricane Floyd, Jame Fine orally
agreed provide tannates to Hi-Tech as soon as production resumed.  Hi-Tech also alleged
that, in the weeks following Hurricane Floyd, Jame Fine confirmed several Hi-Tech
purchase orders orally and in a letter dated October 22, 1999.  In January 2000, however,
Jame Fine informed Hi-Tech that it would not supply tannates to Hi-Tech because it had
entered an exclusive licensing agreement with two other customers, one of whom was
Carter-Wallace.
     On these grounds, Hi-Tech alleged that Jame Fine had breached its contract with
Hi-Tech and that Carter-Wallace had tortiously interfered with that contract.  Hi-Tech
also alleged that the agreement between Jame Fine and Carter-Wallace violated section 1
of the Sherman Act because it was an attempt to remove Hi-Tech as a competitor of
Carter-Wallace in the market for cough syrups with tannates.  Hi-Tech did not, however,
explain why the relevant market should be limited to cough syrups with tannates.  The
United States District Court for the District Court for the District of New Jersey dismissed
each of these allegations because they failed to state a claim for which relief could be
granted.  See Fed R.Civ. P. 12(b)(6).  For the reasons summarized below, we will reverse.
     Our review of a grant of a motion to dismiss is plenary.  McClintock v.

Eichelberger, 169 F.3d 812, 816 (3d Cir 1999).  Thus, we will reverse the District Court unless it is clear that no relief could be granted under any set of facts consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Applying that standard, we hold that the District Court erred when it dismissed Hi-Tech's breach of contract and tortious interference claims.  The District Court dismissed these claims because it found that Hi-Tech's pleadings did not allege the existence of a contract.  It is true that a contract requires an offer and an acceptance.  See Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992).  It is also true that, because this alleged contract was for the sale of goods, the New Jersey Uniform Commercial Code required that it be in writing to be valid.  See N.J. Stat. Ann.  12A:2-201.  That code also provides, however, that when the parties to a contract are merchants, the writing requirement can be met by a written confirmation of a prior oral agreement.  N.J. Stat. Ann.  12A:2-201(2).

Under this law, Hi-Tech has alleged that a contract exists.  It alleged that it made an oral agreement with Jame Fine in the weeks after Hurricane Floyd, which was confirmed, in writing, by the October 22, 1999 letter.  That letter, though vague and ambiguous, could be interpreted as a confirmation of a prior oral agreement.  It stated that, "We [Jame Fine] do not expect to have material available for shipment until the Spring of 2000."  If that statement is consistent with a previous oral agreement, a reasonable fact-finder could interpret it as a confirmation.  Hi-Tech may be unable to prove these allegations at trial, but, if it does so, it would prove the existence of a contract.  The District Court was, therefore, too quick to dismiss Hi-Tech's contract claims.

The District Court also erred by failing to give Hi-Tech an opportunity to amend its antitrust claim.  The District Court properly found that Hi-Tech failed to plead a violation of Section 1 of the Sherman Act because it failed to allege a horizontal conspiracy and failed to adequately define the relevant market.  See Queen City Pizza, Inc. v. Domino's Pizza, Inc., 124 F.3d 430 (3d Cir. 1997).  The District Court, however, should have allowed Hi-Tech an opportunity to amend its complaint.  See Shane v. Fauver,  213 F.3d 113, 116 (3d Cir. 2000).  As this Court explained in Borelli v. City of Reading, 532 F.2d 950 (3d Cir.1976), and confirmed recently in Shane v. Fauver, 213, F.3d at 116, district courts should, before dismissing a claim:

> expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

Id. at 951 n. 1. See also, District Council 47 v. Bradley, 795 F.2d 310 (3d Cir.1986)(holding that if the complaint was deficient, the District Court should have followed the procedure outlined in Borelli and granted leave to amend even though the plaintiff never sought leave to amend).  These rules are clearly applicable to this case.  The District Court should not have dismissed Hi-Tech's claims without granting the opportunity to amend.

The District Court, therefore, erred in dismissing the claims for breach of contract and tortious interference with contract.  It also erred by failing to provide Hi-Tech an opportunity to amend its antitrust allegations.  We will, therefore, reverse the District Court on both issues and remand for further proceedings.


TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:


/s/Jane R. Roth
Circuit Judge